# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0031V

|  |  |
|---|---|
| MICHELLE MUSSEHL, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 24, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 4, 2021, Michelle Mussehl filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine administered on October 18, 2019. Petition at 1, ¶¶ 3, 19. On July 12, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $55,018.98 (representing $53,209.00 for fees and $1,809.98 for costs). Petitioner's Application for Fees and Costs, filed July 21, 2023, ECF No. 42. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 52. Respondent reacted to the Motion on July 24, 2023, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 43.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

# ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|                       | **2019** | **2020** | **2021** | **2022** | **2023** |
|-----------------------|----------|----------|----------|----------|----------|
| David J. Carney, Esq. | $325     | $350     | $375     | $400     | $425     |
| Adam M. Green, Esq.   | X        | X        | X        | $425     | $425     |
| Paralegals            | $145     | $145     | $145     | $145     | $175     |

The hourly rates requested for Mr. Carney, Mr. Green and paralegals for all time billed in the 2019-2023 period are reasonable and consistent with prior determinations and shall therefore be awarded herein.

However, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$413.50**.[4]

### B. Billed Hours

Regarding the number of hours billed, some adjustments also are merited. First, attorney Adam Green billed 3.1 hours on November 17, 2022, for researching and drafting the "Legal Standard" section of the damages brief. ECF No. 42 at 21. However, the resulting section is virtually *identical* to the content of previous briefs filed by Petitioner's counsel in other cases. Review of the damages briefing from the same counsel from 2021

---

[3] These entries describing the preparation of a notice of filing, the bates stamping medical records, and filing both documents are dated as follows: 3/29/21, 8/4/22, and 11/30/22. ECF No. 42 at 17, 19, 23.

[4] This amount consists of ($375 - $145) x 0.8 hrs + ($400 - $145) x 0.9 hrs = $413.50.

3

to the present, and filed in 29 *other* SPU SIRVA cases requiring a substantive damages decision, reveals multiple similarities related to the "Legal Standard" sections containing discussions of authority existing for at least ten years - with only minor changes, or slight, non-substantive differences in how paragraphs were ordered. For example, the briefing in this case is strikingly similar to what counsel filed in 2021 (the year prior to the briefing in this case) in *Boyd v. Sec'y of Health & Hum. Servs.,* No. 19-1107V at ECF No. 29; *McCabe v. Sec'y of Health & Hum. Servs.,* No. 19-1916V at ECF No. 26; *Hartman v. Sec'y of Health & Hum. Servs.,* No. 19-1106V at ECF No. 32; *Niemi v. Sec'y of Health & Hum. Servs.,* No. 19-1535V at ECF No. 31; *Morrison-Langehough v. Sec'y of Health & Hum. Servs.,* No. 19-1103V at ECF No. 42; *Carlow v. Sec'y of Health & Hum. Servs.,* No. 19-1449V at ECF No. 25; *Buckley v. Sec'y of Health & Hum. Servs.,* No. 19-1602V at ECF No. 23; *Guerrero v. Sec'y of Health & Hum. Servs.,* No. 20-0851V at ECF No. 30; *Clappe-Mixell v. Sec'y of Health & Hum. Servs.,* No. 19-1538V at ECF No. 36; *Black v. Sec'y of Health & Hum. Servs.,* No. 20-0777V at ECF No. 24; *Miller v. Sec'y of Health & Hum. Servs.,* No. 20-0604V at ECF No. 31; *Klausen v. Sec'y of Health & Hum. Servs.,* No. 19-1977V at ECF No. 44 (in chronological order). Attorney's fees which included 1.4 to 1.8 hours, respectively, for work by Mr. Green, have already been awarded in those cases.

"If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.,* No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). While I do not fault counsel for recycling "boilerplate" in briefs that is relevant in different cases, it is not appropriate to bill fully for such work either when it is not novel (or only requires minor updating). Accordingly, I will award only .5 hours of time for this task, reducing the time billed by 2.6 hours. **This results in a reduction of $1,105.00.**[5]

Second, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Status Report, filed November 23, 2022, ECF No. 32 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Nov. 30, 2022, ECF No. 34; Petitioner's Reply Brief on Damages, filed Feb. 13, 2023, ECF No. 37. After accounting for the reduction already mentioned, Petitioner's counsel expended approximately 27.2 hours drafting the damages brief and 15.8 hours drafting the reply brief, totaling 43.0[6] hours. ECF No. 42 at 21-24.

---

[5] This amount is calculated as follows: 2.6 hrs x $425 = $1,105.00.

[6] This total is calculated as follows: 24.5 hours billed on: 11/15/22, 11/16/22, 11/17/22 (the remaining .5 hours), 11/18/22, 11/19/22, 11/20/22, 11/21/22, 11/22/22, by Adam Green at a rate of $425; 2.7 hours billed on: 11/23/22 and 11/30/22, by David Carney at a rate of $400; and 15.8 hours billed on: 2/1/23, 2/8/23, 2/9/23, 2/12/23, and 2/13/23, by David Carney at a rate of $425.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 13.2 hours – and I am therefore awarding fees associated with that task in full.[7] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 42 at 21 (second entry dated 11/20/22)).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[8] in which attorneys have accomplished this task in about half the time.[9] *See,* e.g., *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

---

[7] This time was billed by David Carney at a rate of $400. *See* ECF No. 42 at 18-19.

[8] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[9] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

The circumstances of this case did not warrant devoting so much time to briefing. The primary area of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See Mussehl v. Sec'y of Health & Hum. Servs.*, No. 21-0031V, 2023 WL 5203102 (Fed. Cl. Spec. Mstr. July 12, 2023). Regarding damages, the parties' views differed by $37,500.00 - Petitioner sought $75,000.00, and Respondent countered with $37,500.00. *Id.* at *4. Although I ultimately awarded an amount closer to that proposed by Petitioner ($60,000.00) – showing the value of the briefing submitted, the amount of hours expended still were excessive.

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 27. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 43.0 hours, or $18,207.50**) by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $5,462.25.**[11]

## ATTORNEY COSTS

Petitioner requests $1,809.98 in overall costs. ECF No. 42 at 28-50. I find the majority of these costs reasonable with the exception of $161.70 in costs incurred for "[s]canning charges throughout case for intake documents, envelopes, medical records, invoices, medical expenses, client documents and letters." *Id.* at 31-32. Such overhead expenses are inherent in operating a law firm and are thus not compensable. Accordingly, the attorney's costs are reduced by **$161.70.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$47,876.53 (representing $46,228.25 for fees and $1,648.28 in costs) as a lump sum in the form of a check jointly payable**

---

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (40.3 hrs x $425 x .30) + (2.7 hrs x $400 x .30) = $5,462.25

6

**to Petitioner and Petitioner's counsel, David J. Carney.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.